UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| INDIANA FARM BUREAU INSURANCE, *as subrogee of Rachel Vencel*, | ) ) ) |
| *Plaintiffs*, | ) )   2:25-cv-00262-JMS-MKK |
| *vs.* | ) ) ) |
| STANLEY BLACK & DECKER, INC., | ) ) |
| *Defendant.* | ) |

## ORDER

Pending before the Court is Plaintiff's Motion for Leave to Amend Complaint. [Filing No. 21.] The Court addresses the Motion and addresses additional issues below.

## I.
### BACKGROUND

Defendant Stanley Black & Decker, Inc. removed Plaintiff's action to this Court on June 6, 2025, alleging that this Court has diversity jurisdiction over this action. [Filing No. 1.] On June 30, 2025, Defendant filed its Answer, in which it asserted that it had been incorrectly named and that it should be named Black & Decker (U.S.), Inc. [Filing No. 15.] On July 1, 2025, the Court ordered the parties "to confer regarding the proper name of Stanley Black & Decker, Inc., and if appropriate, Plaintiff should file a motion to correct the name of Defendant Stanley Black & Decker, Inc. by August 1, 2025." [Filing No. 16 (emphasis omitted).] In response, on July 31, 2025, Plaintiff filed the pending Motion for Leave to Amend the Complaint to correct the name of Defendant Stanley Black & Decker, Inc. to Black & Decker (U.S.), Inc. [Filing No. 21.]

## II.
### PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

The Court **GRANTS** Plaintiff's Motion for Leave to Amend Complaint, [Filing No. 21], and **DIRECTS THE CLERK** to update Defendant's name to Black & Decker (U.S.), Inc. Plaintiff's Amended Complaint, which it attached to its Motion, is now the operative Complaint in this matter. [Filing No. 21-1.]

Plaintiff's Amended Complaint raises a jurisdictional concern, however. This case is before the Court on allegations of diversity jurisdiction, but there is an issue with Plaintiff's jurisdictional allegations in its Amended Complaint: Plaintiff has alleged the "residence" of an individual, rather than the individual's "citizenship." An allegation of residence is inadequate to establish diversity jurisdiction. *McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 653 (7th Cir. 1998). Residency and citizenship are not the same, and it is the latter that matters for purposes of diversity. *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002). An individual's citizenship for purposes of diversity jurisdiction "is the place one intends to remain." *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002).

The Court is not being hyper-technical: Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). The Court must know the details of the underlying jurisdictional allegations because parties cannot confer jurisdiction on the Court simply by stipulating that it exists. *See Evergreen Square of Cudahy v. Wisconsin Housing and Economic Development Authority*, 776 F.3d 463, 465 (7th Cir. 2015) ("the parties' united front is irrelevant since the parties cannot confer subject-matter jurisdiction by agreement…and federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*").

The Court **ORDERS** Plaintiff to file a Second Amended Complaint **by August 13, 2025**, which addresses the issue outlined in this Order and properly alleges a basis for this Court's diversity jurisdiction.  Defendant need not answer or otherwise respond to the Amended Complaint at which this Order is directed.

### III.
### LOCAL RULE 81-1

Moreover, although more than 30 days have passed since Defendant's Notice of Removal, Plaintiff has not filed a response as required by Local Rule 81-1, which provides:

> Within 30 days after the filing of the notice of removal, every plaintiff who has not filed a motion to remand must file a statement responding to the notice of removal's allegations as to the citizenship of the parties and the amount in controversy. If the plaintiff lacks sufficient information upon which to form a belief about those allegations despite meeting and conferring in good faith with the removing party about them, the plaintiff may so state.

The Court **ORDERS** Plaintiff to comply with Local Rule 81-1 by **August 13, 2025.**

### IV.
### CONCLUSION

For the foregoing reasons, the Court:

- **GRANTS** Plaintiff's Motion for Leave to Amend Complaint, [21];

- **DIRECTS THE CLERK** to update Defendant's name to Black & Decker (U.S.), Inc.;

- **ORDERS** Plaintiff to file a Second Amended Complaint **by August 13, 2025**, which addresses the jurisdictional issue outlined in this Order and properly alleges a basis for this Court's diversity jurisdiction; and

- **ORDERS** Plaintiff to comply with Local Rule 81-1 by **August 13, 2025**.

Date: 8/1/2025

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**